UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>    Defendants. | No. 1:21-cv-00249-JLT-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 22, 30) |

Hilario Rodriguez seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act. (Doc. 1.) The assigned magistrate judge issued findings and recommendations recommending that Rodriguez's appeal from the administrative decision of the Commissioner of Social Security be denied and that the Clerk of the Court be directed to enter judgment against him. (Doc. 30.) Rodriguez objects. (Doc. 31.)

According to 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Rodriguez's objections, the Court finds that the findings and recommendations are supported by the record and proper analysis. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Court briefly addresses Rodriguez's objections below.

First, Rodriguez objects to the magistrate judge's finding that the ALJ properly evaluated his impairments pursuant to Listing 1.04(A) at step three of the five-part analysis. (Doc. 31 at 2-10.) Rodriguez contends, as he did in his opening brief, that the ALJ did not make sufficient findings to conclude that Rodriguez's impairments did not meet or equal the listings. (*Id.* at 2-4.) Rodriguez argues that the ALJ must make detailed findings regarding his condition and limitations, and explicitly apply those to each element of the listing. (*Id.*) Case law, however, does not support Rodriguez's position.

Though the ALJ may not rely on mere boilerplate statements or summary conclusions, the ALJ is not required to make detailed findings in any particular section of the analysis. *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) ("*Marcia* simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'"). An ALJ's detailed "evaluation of the evidence" suffices to create the "foundations on which the ultimate factual conclusions are based." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). The ALJ need not explain "why a claimant failed to satisfy every different section of the listing of impairments." *Id.* Rodriguez's own authority confirms that so long as the ALJ made detailed findings about his condition in some part of the report, the Court should not reverse a boilerplate finding that an impairment does not meet a listing. *Toni E. v. Comm'r of Soc. Sec.*, 2020 WL 4730963, at *4 (E.D. Wash. June 25, 2020).

Though the ALJ made an initial boilerplate finding that Rodriguez's impairments did not meet the Listing 1.04(A) (AR at 24-25), the subsequent explanation under the residual functioning analysis contains a detailed evaluation of Rodriguez's medical records showing that he did not have sufficient motor loss to meet the listing. (*See* AR at 26 ("Both motor and sensory nerve conduction studies of the bilateral lower extremities were normal"); *id.* ("ambulation was not grossly altered"); *id.* ("exhibited a normal gait with full motor strength and a normal range of motion and sensation in his bilateral extremities with no atrophy").) The ALJ also made conclusions from these records that Rodriguez had "no significant gait disturbance or neurological dysfunction." (AR at 29.) To the extent Rodriguez objects to the ALJ's conclusion

1  because contrary evidence in the record suggests some loss of motor function, the Court will not
2  disturb the ALJ's factual conclusions because Rodriguez's medical records provides substantial
3  evidence to support them.

4  Rodriguez also objects to the magistrate judge's conclusions because the ALJ allegedly
5  failed to consider whether his limitations of DDD in combination with other impairments meet
6  1.04(A) Listing. (Doc. 31 at 9-10.) However, the ALJ's findings that Rodriguez did not suffer
7  motor loss to meet or equal the 1.04(A) listing were not limited to a particular impairment. The
8  ALJ considered Rodriguez's overall condition and symptoms as reported by his doctors in his
9  medical records. (AR at 25-29.) From review of the records, the ALJ concluded Rodriguez's
10 impairments, "considered singly and in combination," did not meet the listing. (AR at 24-25.) In
11 light of the examples listed above showing Rodriguez did not suffer motor loss, there is
12 substantial evidence to support the ALJ's conclusions.[2]

13 Second, Rodriguez objects to the magistrate judge's conclusion that the ALJ did not
14 commit reversable error for rejecting his subjective complaints. Rodriguez's primary objection is
15 that the ALJ did not explicitly list and contradict each piece of Rodriguez's testimony that he
16 believes supports his case. (Doc. 31 at 10-16.) He argues that the ALJ failed to discuss any of his
17 "extensive testimony from the February 2018 hearing," and the ALJ "cherry-picked" one line
18 from a CE report in her analysis. (*Id.* at 10-13.) The ALJ must provide clear and convincing
19 reasons for rejecting a plaintiff's credibility, which requires more than "high-level," "non-
20 specific" conclusions that the testimony is consistent with the record evidence. *Lambert v. Saul*,
21 980 F.3d 1266, 1277 (9th Cir. 2020). However, "[o]ur cases do not require ALJs to perform line-
22 by-line exegesis of the claimant's testimony." *Id.*

23 The ALJ provided more than merely high-level or non-specific conclusions to reject
24 Rodriguez's testimony. The ALJ compared specific medical evidence with Rodriguez's
25 contradictory testimony. (AR at 29 ("For example, he alleged only being able to stand for three to

---

[2] Rodriguez also objects to the magistrate judge's findings because she allegedly failed to consider his argument in "P1. MSJ" regarding his limitations of DDD in combination with other severe impairments. (Doc. 31 at 9.) In neither his opening brief nor in his objections did Rodriguez specifically identify which argument the court has failed to consider. Accordingly, the Court cannot address Rodriguez's objection and the objection is waived.

five minutes at a time and walk for five minutes outside his home . . . but the record, including Dr. Rios's findings, which showed a normal gait with full strength in the extremities does not support this."). In addition, the ALJ contrasted Rodriguez's testimony with his own prior inconsistent statements to his doctor. (*Id.* ("An alleged inability to work is also inconsistent with the claimant's April 2016 report to Dr. Rios that he is able to do his own shopping and yard work and that he is independent with activities of daily living.") Although the ALJ's findings do not list every piece of Rodriguez's contradictory testimony, these exemplary portions relate to pertinent issues of Rodriguez's case and satisfy the clear and convincing standard to reject his testimony. *See Greger v. Barhnart*, 464 F.3d 968, 972 (9th Cir. 2006) (holding "ALJ provided clear and convincing reasons for rejecting [plaintiff's] testimony and gave a detailed written opinion summarizing the specific statements by [plaintiff's] that were not credible and the evidence that undermined [plaintiff's] complaints").

In his objections, Rodriguez also lists many portions of his testimony, which he contends contradicts the ALJ's conclusions. (Doc. 31 at 14-16.) The court, however, does not conduct a *de novo* review of the competing evidence that was presented. *See Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Because the ALJ had substantial evidence to support her conclusion, shown through the exemplary contradictory statements above, the Court will not disturb the ALJ's credibility determinations and factual findings. For the reasons stated above,

1. The findings and recommendations issued on October 4, 2022 (Doc. 30) are **ADOPTED IN FULL**.
2. Rodriguez's appeal from the administrative decision of the Commissioner of Social Security is **DENIED**.
3. The Clerk of the Court is directed to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Hilario Rodriguez, and to close this case.

IT IS SO ORDERED.

Dated:  **December 2, 2022**

UNITED STATES DISTRICT JUDGE

4